# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LEE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | No. 1:24-cv-09571 |
| ) | |
| v. ) | Hon. Steven C. Seeger |
| ) | District Judge |
| CITY OF CHICAGO and LORENZO A. ) | |
| TOSCANO, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants City of Chicago and Lorenzo Toscano, by and through one of their attorneys, Jahnee' Hughes, Assistant Corporation Counsel, move to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of their motion, defendants state as follows:

### INTRODUCTION

This case arises from defendant allegedly violating plaintiff's Fourth Amendment rights because Officer Toscano neither had reasonable suspicion that plaintiff committed an offense to stop his vehicle nor probable cause to search his vehicle. *See* Compl., ECF No. 3. This court should dismiss the claims against Officer Toscano because plaintiff failed to state a plausible claim to relief.

**STATEMENT OF FACTS**

On February 21, 2024, Officer Toscano and Officer Juan Haro (not a defendant) pulled the plaintiff over. Compl. ECF No. 3 ¶ 8. Plaintiff alleges that Officer Toscano searched his vehicle and backpack without probable cause. *Id.* ¶ 9.

On September 20, 2024, the charges against plaintiff were dismissed due to Officer Toscano's failure to appear. Plaintiff filed this lawsuit against Officer Toscano on October 4, 2024, seemingly alleging unlawful search and seizure. *Id.* ¶¶ 8-9.

**STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss, plaintiff's complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic* v. *Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept all of the plaintiff's factual allegations as true when reviewing the complaint, conclusory allegations merely restating the elements of a cause of action do not receive this presumption: "A complaint must allege facts to support a cause of action's basic elements; the plaintiff is required to do at least that much." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014).

**ARGUMENT**

Plaintiff appears to allege that Officer Toscano violated his Fourth Amendment rights because he was unlawfully stopped in his vehicle and subject to an unlawful search. *See* Compl. For the reasons set forth below, dismissal is appropriate because the complaint does not include enough factual content to demonstrate that plaintiff is entitled to relief.

2

Plaintiff must "give enough details about the subject-matter of the case to present a story that holds together." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019). "[A] plaintiff must provide notice to defendants of his claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). That is, plaintiff needs to allege enough "by way of factual content to 'nudg[e]' his claim of 'across the line from conceivable to plausible.'" *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570). If the allegations give rise to an "obvious alternative explanation" then the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557.

In this case, many of the alleged "facts" are legal conclusions or elements of the cause of action, which must be disregarded in a motion to dismiss. *See Iqbal*, 556 U.S. at 680-81. For example, plaintiff alleges that Officer Toscano conducted a traffic stop "without reasonable suspicion" and searched his vehicle and backpack "without probable cause." *Id.* ¶¶ 8-9. He further asserts that Officer Toscano's conduct violated his Fourth Amendment rights. *Id.* "These allegations are nothing more than a formulaic recitation of the cause of action," which is insufficient to state a claim under *Twombly,* which held that "a complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief," and *Iqbal* which similarly stated a claim must have facial plausibility. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. What plaintiff has pled here falls squarely into the type of pleadings disallowed by these instructive

3

cases. Plaintiff has failed to make allegations against the defendants that set forth facts in sufficient detail showing that Officer Toscano allegedly violated his civil rights.

Further, plaintiff's complaint falls short of providing the City of Chicago with any notice of the claims against it. First, the complaint lacks any specific allegations directed at the City, which highlights a critical flaw: the City is named in this lawsuit solely because it appears in the case caption, not because of any substantive allegations against it. Second, the complaint does not list any claims that can be construed as a claim brought against the City as there are no state law or indemnification claims. Naming the City does not entitle plaintiff to relief because he must set forth sufficient facts "that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1078 (7th Cir. 2008)). Plaintiff needs to provide specific details that outline a viable claim to put the City on notice.

To the extent that plaintiff is suing the City to hold it responsible for the actions of Officer Toscano, such a claim would contravene well-established law. Municipalities, like the City, cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978); *see also Hanh v. Walsh*, 762 F.3d 617, 638-39 (7th Cir. 2011). Accordingly, his complaint should be dismissed because his claims are insufficiently pled.

## CONCLUSION

For the preceding reasons, defendants City of Chicago and Officer Toscano respectfully request that this court dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

DATED: December 9, 2024                    Respectfully submitted,

                                           CITY OF CHICAGO AND LORENZO
                                           TOSCANO

4

                                        By: /s/ *Jahnee' Hughes*
                                              JAHNEE' HUGHES
                                              Assistant Corporation Counsel

Jahnee' Hughes, Assistant Corporation Counsel
Jessica Griff, Chief Assistant Corporation Counsel
City of Chicago Department of Law
Federal Civil Rights Litigation Division
2 North LaSalle, Suite 420
Chicago, IL 60602
312-742-9298 (Hughes)
jahnee.hughes2@cityofchicago.org

5